**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

VICKIE M. STRINGER,

     Plaintiff,

  -against-

PENGUIN RANDOM HOUSE LLC,

    Defendant.

Case No. 1:25-cv-09953-AS

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

JURY TRIAL DEMANDED

---

Vickie M. Stringer

Plaintiff, Pro Se

3124 Genevieve Drive

Columbus, Ohio 43219

Tel: (614) 961-5117

Dated: July 27, 2026

1

## PRELIMINARY STATEMENT

Defendant Penguin Random House LLC ("PRH") asks this Court to dismiss a straightforward commission dispute by mischaracterizing the very contracts it attached to its own motion. Those contracts—which PRH incorporated by reference and submitted as Exhibits B, C, and D to the Leish Declaration—do not merely "direct PRH where to send money owed to the authors," as PRH contends. They create an independent, vested commission right in Plaintiff Vickie M. Stringer as the designated literary agent. The 2005 and 2006 Whitaker Contracts explicitly provide that Stringer is "entitled to receive and/or retain fifteen percent (15%) of gross monies paid to the Author," that "all monies payable to Author and Agent shall be paid directly to Agent," and that PRH may pay the Author directly "only with the express written consent of the Agent." These provisions—which vest a commission entitlement, mandate payment routing, confer veto power, and survive termination—are not mere convenience mechanisms. They create enforceable rights.

PRH's remaining arguments fare no better. Its statute-of-limitations defense ignores that PRH's own spreadsheet and IRS Forms 1099-MISC demonstrate ongoing royalty payments from 2014 through 2024—each one a discrete breach generating a timely claim. Its attack on the fraud count mischaracterizes the very email PRH submitted as Exhibit F, which confirms that PRH cannot produce the checks listed in the October 2024 Spreadsheet. And its challenge to the Section 7434 claim contradicts the IRS instructions PRH itself cites: those instructions require reporting amounts actually "paid" to an agent—yet Stringer alleges, and PRH does not dispute, that these amounts were never paid to her. Reporting income a payee never received is the definition of a fraudulent information return.

## STATEMENT OF FACTS

Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 19 of the First Amended Complaint ("FAC"), which are accepted as true for purposes of this motion. The following facts, drawn from the FAC and from PRH's own exhibits, are particularly relevant.

### The Contracts and the Agency Clauses

Plaintiff served as literary agent for authors Tu-Shonda Whitaker and Nikki Turner, negotiating three publishing contracts with PRH's predecessor, Random House. FAC ¶¶ 7-9. PRH attached the contracts as Exhibits B, C, and D to the Leish Declaration.

Paragraph 24 of each Whitaker Contract provides that Stringer is "entitled to receive and/or retain fifteen percent (15%) of gross monies paid to the Author hereunder but all monies

payable to Author and Agent shall be paid directly to Agent for distribution to Author." Leish Decl. Ex. C ¶ 24; Ex. D ¶ 24. The clause further provides that "payments may be made by Random House directly to the Author only with the express written consent of the Agent," and that "[t]he provision of this paragraph shall survive termination of this Agreement." *Id.*

The Turner Contract directs 6.25% of sums "due and payable to the Author" to Triple Crown Management, Stringer's company. Leish Decl. Ex. B ¶ 24.

### PRH's Knowledge and Ongoing Payments

PRH had actual, direct knowledge that Stringer was the agent of record, corresponded with her in that capacity, maintained internal records identifying her as agent, and filed IRS Forms 1099-MISC in her name from 2014 through 2024. FAC ¶ 12. PRH's own spreadsheet (Leish Decl. Ex. E) documents payments from 2004 through at least 2022, with the most recent entries reflecting ACH transfers. FAC ¶¶ 15-16.

### The Fabricated Payment Record and 1099 Filings

On or about October 11, 2024, PRH produced the October 2024 Spreadsheet purporting to document payments to Stringer. FAC ¶ 15. Stringer's bank records show no corresponding deposits. FAC ¶ 16. On August 1, 2025, a PRH employee acknowledged in an internal email that PRH's bank does not keep copies of the referenced checks. FAC ¶ 16; Leish Decl. Ex. F.

IRS Wage and Income Transcripts obtained during an October 2025 audit revealed that PRH filed Forms 1099-MISC reporting amounts in Stringer's name from 2014 through 2024. FAC ¶ 17. Stringer alleges she never received these amounts. FAC ¶ 28.

### STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Matson v. Board of Education*, 631 F.3d 57, 63 (2d Cir. 2011). A complaint survives when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pro se complaints must be construed liberally "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Where contract language is susceptible to more than one reasonable interpretation, the ambiguity must be resolved in the nonmovant's favor at the pleading stage. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004).

### ARGUMENT

3

## POINT I

## STRINGER HAS STANDING TO SUE FOR BREACH OF CONTRACT

PRH's lead argument—that Stringer lacks standing because she is "neither a party nor a third-party beneficiary"—fails because it mischaracterizes the contract language, relies on a distinguishable case, and asks this Court to resolve a factual dispute on the pleadings.

### A. The Whitaker Contracts Create a Direct Commission Entitlement

Paragraph 24 of each Whitaker Contract contains four provisions that create an independent, enforceable commission right:

*First,* the contracts provide that Stringer is "entitled to receive and/or retain fifteen percent (15%) of gross monies paid to the Author." Leish Decl. Ex. C ¶ 24; Ex. D ¶ 24. The word "entitled" is a term of right, not a mere payment instruction.

*Second,* the contracts direct that "all monies payable to Author and Agent shall be paid directly to Agent." *Id.* The phrase "Author and Agent" identifies Stringer as a co-payee—not a mere conduit.

*Third,* "payments may be made by Random House directly to the Author only with the express written consent of the Agent." *Id.* This veto power is wholly inconsistent with incidental-beneficiary status.

*Fourth,* "[t]he provision of this paragraph shall survive termination of this Agreement." *Id.* A survivability clause demonstrates the parties intended Stringer's commission right to endure—a hallmark of a vested right.

Drawing all reasonable inferences in Plaintiff's favor, this language plausibly creates an enforceable obligation. Whether it establishes a direct obligation or third-party beneficiary status is a factual question that cannot be resolved on a motion to dismiss. *Eternity Global*, 375 F.3d at 178.

### B. *Vigliano* **Is Distinguishable**

PRH relies on *Vigliano Associates, Ltd. v. Gaines,* 2024 WL 3024919 (Sup. Ct. N.Y. Co. June 12, 2024), but that case is distinguishable. The *Vigliano* agent received only 7.5% with no veto power. Here, Stringer receives 15%, all payments must flow through her, and PRH cannot pay the Author directly without her written consent. The appellate division affirmed *Vigliano* "on other grounds," 235 A.D.3d 519 (2025)—not on the third-party beneficiary analysis.

### C. The Turner Contract Claim Is Viable

4

Stringer is the founder and principal of Triple Crown Management, and the contract identifies Triple Crown with "Attn: Vickie M. Stringer." Leish Decl. Ex. B ¶ 24. At the pleading stage, Stringer has plausibly alleged standing.

### D. The Citation Issue Does Not Warrant Dismissal

Even assuming two citations in the FAC are erroneous, the legal proposition they support finds substantial support in the contract language itself. Erroneous citations in a pro se complaint do not warrant dismissal where the claims are otherwise plausibly alleged. *Triestman*, 470 F.3d at 474-75.

## POINT II

**THE BREACH OF CONTRACT AND UNJUST ENRICHMENT CLAIMS ARE TIMELY**

### A. PRH's Own Documents Prove Ongoing Payments

PRH's spreadsheet (Leish Decl. Ex. E) documents royalty payments through at least 2022. PRH's 1099s report income attributed to Stringer from 2014 through 2024. FAC ¶ 17. Each failure to remit commission upon receipt of royalty income is a discrete breach. FAC ¶ 19. Claims for any commission obligation arising after November 2019 are timely under the six-year statute.

### B. Fraudulent Concealment Tolls the Statute

PRH maintained exclusive control over payment records, represented that payments had been made, and filed 1099s reporting income Stringer never received. FAC ¶¶ 15-17, 19. Under New York law, such affirmative acts of concealment toll the limitations period. *Simcuski v. Saeli*, 44 N.Y.2d 442, 449 (1978). Plaintiff could not reasonably have discovered the full extent of Defendant's nonpayment before October 2025 because Defendant maintained exclusive control over historical payment records. FAC ¶ 19.

### C. The Fraud Claim Has Its Own Limitations Period

The fraud claim is governed by CPLR § 213(8)—the later of six years from the fraud or two years from discovery. Stringer discovered the challenged 1099 filings in October 2025. FAC ¶ 19. This action, filed in November 2025, is timely.

## POINT III

**THE UNJUST ENRICHMENT CLAIM IS PROPERLY PLED IN THE ALTERNATIVE**

Federal Rule of Civil Procedure 8(d)(2) expressly permits alternative pleading. The Second Circuit has held that where there is "a bona fide dispute as to the existence of a contract,"

unjust enrichment may be pled in the alternative. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013). PRH's own motion creates precisely that dispute by arguing Stringer has no enforceable contractual rights. Having taken that position, PRH cannot simultaneously argue that the existence of those contracts bars the alternative unjust enrichment claim. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011).

**POINT IV**

**THE FRAUDULENT MISREPRESENTATION CLAIM IS ADEQUATELY PLED**

### A. The FAC Satisfies Rule 9(b)

The FAC identifies: (1) the fraudulent statement—the October 2024 Spreadsheet with specific check numbers, dates, bank accounts, and amounts, FAC ¶ 15; (2) the speaker—Matthew Martin, Esq., Deputy General Counsel of PRH, FAC ¶ 15; (3) when and where—October 11, 2024, FAC ¶ 15; and (4) why fraudulent—Stringer's bank records show no deposits and PRH's employee confirmed the bank cannot produce the checks, FAC ¶ 16.

### B. The Elements of Fraud Are Plausibly Alleged

The Bartolmucci email states "our bank doesn't keep copies of checks in their system that far back." Leish Decl. Ex. F. A spreadsheet listing unverifiable checks—produced to a person who says she was never paid—supports a plausible inference of fraud. Scienter may be alleged generally under Rule 9(b). The pattern of conduct supports fraudulent intent. Reliance is reasonable where PRH had exclusive control over records. *DDJ Mgmt., LLC v. Rhone Grp. LLC*, 15 N.Y.3d 147, 154 (2010). Independent damages include the seven-month delay and IRS audit costs. FAC ¶ 26.

**POINT V**

**THE SECTION 7434 CLAIM IS ADEQUATELY PLED**

PRH reported amounts on Forms 1099-MISC that Stringer alleges she never received. FAC ¶ 28. The IRS instructions PRH cites require reporting amounts "paid" to an agent. If PRH did not actually pay these amounts, reporting them as paid is fraudulent by definition.

Stringer's commission is compensation for professional services—not royalties on intellectual property she owns. FAC ¶ 18. Classifying agent commissions as "royalties" mischaracterizes the payments.

Willfulness is demonstrated by the eleven-year pattern (2014-2024) of filing 1099s reporting income to a person PRH knew it was not paying. *Katzman v. Essex Waterfront Owners*

6

*LLC*, 660 F.3d 565, 568 (2d Cir. 2011). Section 7434 imposes a minimum $5,000 penalty per fraudulent return precisely because Congress recognized the disproportionate harm. 26 U.S.C. § 7434(b).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied in its entirety.


Dated: July 27, 2026

Respectfully submitted,

/s/ Vickie M. Stringer
Vickie M. Stringer
Plaintiff, Pro Se
3124 Genevieve Drive
Columbus, Ohio 43219
Tel: (614) 961-5117

**EXHIBIT 1**

**Responsive Non-Argumentative Chart**

**Pursuant to Individual Practices § 8(G)(i)**

## RESPONSIVE EXHIBIT 1

Pursuant to Judge Subramanian's Individual Practices § 8(G)(i), the following chart identifies, for each element Defendant contends has not been plausibly alleged, the specific FAC paragraphs that plausibly allege those elements.

### COUNT I – BREACH OF CONTRACT

| # | Legal Element | FAC Paragraphs Plausibly Alleging Element |
|---|---|---|
| 2 | Contract intended for plaintiff's direct benefit (intended, not incidental, beneficiary) | FAC ¶¶ 7-11, 13-14, 21. Contracts designate Stringer as "sole and exclusive agent," state she is "entitled to receive and/or retain" 15%, mandate all payments flow through her, prohibit direct-to-author payments without written consent, and survive termination. Leish Decl. Ex. C ¶ 24; Ex. D ¶ 24. |
| 3 | Benefit sufficiently immediate, not incidental | FAC ¶¶ 11, 13-14, 21. Veto power over direct payments, vesting language ("entitled to receive and/or retain"), and survivability clause demonstrate immediate benefit. Commission vests upon each payment event. |

### COUNT III – FRAUDULENT MISREPRESENTATION

| # | Legal Element | FAC Paragraphs Plausibly Alleging Element |
|---|---|---|
| 1 | Material false representation of fact | FAC ¶¶ 15-16, 26. October 2024 Spreadsheet listing specific check numbers, dates, bank accounts, amounts. Bank records show no deposits. PRH employee confirmed bank cannot produce checks. |
| 2 | Knowledge of falsity and intent to defraud | FAC ¶¶ 16, 26. Sophisticated publisher with exclusive control produced unverifiable data after employee acknowledged bank doesn't retain check copies. Timing supports inference of intent. |
| 3 | Reasonable reliance | FAC ¶ 26. PRH had exclusive control over payment records. Stringer had no independent means to verify. Reliance on counterparty's records is reasonable as a matter of law. |
| 4 | Independent damages | FAC ¶ 26. (a) Seven-month delay pursuing claims; (b) IRS audit costs from discrepancies between reported and actual income. |

### COUNT III – Rule 9(b) Requirements

| # | Legal Element | FAC Paragraphs Plausibly Alleging Element |
|---|---|---|
| 8 | Explains why statements are fraudulent | FAC ¶¶ 16, 26. Spreadsheet lists checks PRH's bank cannot verify. No corresponding deposits. PRH's admission |

| | | it cannot produce checks supports fabrication allegation. |
|---|---|---|
| 9 | Strong inference of fraudulent intent | FAC ¶¶ 16, 19, 26. Exclusive control over records; production of unverifiable data in response to payment demand; timing to delay claims; continued refusal to produce checks. |

## COUNT IV – FRAUDULENT INFORMATION RETURNS (§ 7434)

| # | Legal Element | FAC Paragraphs Plausibly Alleging Element |
|---|---|---|
| 2 | Information return was fraudulent | FAC ¶¶ 17-18, 28. PRH filed 1099s for 2014-2024 reporting amounts as paid to Stringer. She never received them. Reporting "paid" income to a payee who never received it is false. Amounts bear no reasonable relationship to 15% commission. |
| 3 | Willfully issued fraudulent return | FAC ¶¶ 12, 17-18, 28. (a) PRH knew Stringer was agent of record; (b) knew it was not paying reported amounts; (c) eleven-year pattern; (d) used Box 2 (Royalties) rather than compensation classification. |

10

## <u>CERTIFICATE OF SERVICE</u>

I, Vickie M. Stringer, hereby certify that on July 27, 2026, a true and complete copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss and the accompanying Responsive Exhibit 1 were served upon Defendant's counsel of record by electronic mail and first-class mail, postage prepaid:

> Matthew Leish, Esq.
> Lucy Hoffman, Esq.
> Klaris Law PLLC
> 161 Water Street, Suite 904
> New York, New York 10038
> matthew.leish@klarislaw.com

Dated: July 27, 2026

/s/ Vickie M. Stringer
Vickie M. Stringer, Plaintiff, Pro Se

## CERTIFICATE OF COMPLIANCE

Plaintiff certifies that this memorandum complies with the word-count requirements of Local Civil Rule 7.1(c). This memorandum contains approximately 3,370 words, excluding the caption, table of contents, table of authorities, signature block, certificates, and the responsive chart.

Dated: July 27, 2026

/s/ Vickie M. Stringer
Vickie M. Stringer, Plaintiff, Pro Se